## W. H. LOGAN v. L. J. HOLLAND.

The sale of a horse under a warranty of soundness, except that he is foundered, is a general warranty, except as to the founder; and a defense to a note of failure of consideration, based upon an allegation of a general warranty of soundness, is not supported by proof of a warranty limited as above, and such proof will not, under that issue support a verdict for the defendant.

APPEAL from Rusk. Tried below before the Hon. C. A. Frazer.

It was proved on the trial of this case, the main facts of which appear in the opinion, that the defendant objected to purchasing the horse on account of his supposed diseased condition; that the plaintiff assured him "there was nothing the matter with the horse, except that he had eaten too much, and was a little foundered; that he would soon get well;" and he represented the horse "to be sound except the founder—and sold him as a sound horse except the founder." It was proved that the horse remained diseased and wholly useless, until he was at last abandoned by the defendant. The court charged the jury to find for the plaintiff, unless they believed from the testimony that the note sued on was given for the purchase money of a horse, and that at the time the horse was sold, the plaintiff warranted him to be sound—when in fact the horse was unsound; and if so they would allow the defendant the difference between his actual value in his unsound condition, and the amount of the note; and if the horse was of no value, to find for the defendant, &c. Verdict and judgment for the defendant.

*S. G. Swan*, for the appellant.

*M. Casey*, for the appellee.

ROBERTS, J.—This is an action upon a promissory note executed by Holland and payable to Logan. Holland pleaded that the note was given in consideration of a horse, sold by Logan

Logan v. Holland.

to him, which horse was warranted to be sound, and that the horse was unsound and worthless. The proof was that the horse was warranted to be sound except a founder. The contract of warranty was proved as alleged, and therefore the evidence does not support the verdict in favor of the plea of failure of consideration. "Any affirmation made by the vendor at the time of the sale, in relation to the goods sold, is a warranty if it be intended as such. But no seller is bound beyond the actual terms of his warranty, and if it be restricted and limited, he will only be liable within such restrictions." (Story on Sales, sec. 352.)

At the time of the trade it was obvious that the horse was "stiff." Appellee knew this and objected to trading for the horse on that account. Appellant explained that the horse had been foundered, and stated that he would soon get well of that, and that he was otherwise sound. This was a general warranty of soundness except as to the founder; and it was also a representation as to the cause and extent of the disease which was excepted from the general warranty. If the horse was otherwise unsound, also, or unsound from other causes than the founder, and was thereby rendered worthless, Logan would have been liable under the limited warranty. Or, although not liable under his warranty, if the horse was more seriously diseased from the founder than Holland was induced to believe him to be by the representations of Logan, then these representations of Logan as to the cause and extent of the founder might have been shown to have been fraudulent, and would thereby have constituted a good ground of defence. (Story on Sales, 359, 360-1, 374.) Both the pleading and the evidence show that the ground of fraudulent representation as to the matter excepted from the warranty did not enter into the defence attempted to be made in this case. The party relied entirely upon his allegation and proof of a contract of general warranty that the horse was sound.

The judgment must therefore be reversed and the cause remanded for a new trial.

Reversed and remanded.